UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sadie Browe,

           Plaintiff,

                                      **MEMORANDUM OPINION**
v.                                    **AND ORDER**
                                      Civil No. 14-4690 ADM/JJK

Evenflo Company, Inc.,

           Defendant.

_____

Kristen G. Marttila, Esq., Lockridge Grindal Nauen PLLP, Minneapolis, MN, on behalf of Plaintiff.

Cortney G. Sylvester, Esq., Nilan Johnson Lewis PA, Minneapolis, MN, on behalf of Defendant.
_____

## I.  INTRODUCTION

On April 1, 2015, the undersigned United States District Judge heard oral argument on Defendant Evenflo Company, Inc.'s ("Evenflo") Motion to Dismiss [Docket No. 15]. Plaintiff Sadie Browe opposes the motion. For the reasons set forth below, Evenflo's motion is granted.

## II.  BACKGROUND

This is a putative class action for purchasers of child car seats which Evenflo manufactured, distributed, marketed, and sold over a four-year period with a particular seat harness buckle. The Complaint [Docket No. 1] alleges that the seats are defective in that the harness buckle is unreasonably difficult or impossible to unlatch during the ordinary consumer use.

In early 2014, the Office of Defects Investigation ("ODI") of the National Highway Traffic Safety Administration initiated an investigation after receiving complaints about the functionality of the buckles. Compl. ¶ 32. As of February 2014, consumers had filed 18 reports

with the ODI. The reports generally describe consumers' difficulty in releasing the buckle of the subject car seats. Some consumers reported that they had to cut the harness' nylon webbing to release their child because the buckle was not unlatching.

On April 4, 2014, Evenflo announced a recall of the allegedly defective buckle. In ordering the recall, Evenflo stated that the subject seats:

> use a harness crotch buckle which may become resistant to unlatching over time, due to exposure to various contaminants (like food and drinks) that are present in everyday use of the convertible car seat or harnessed booster by toddlers. This condition may make it difficult to remove a child from the vehicle.

Compl. ¶ 11. Consumers who purchased a seat subject to the recall were eligible to receive a replacement buckle and instructions for installing the buckle on their existing car seat. Id. ¶ 51

The lead plaintiff, Sadie Browe ("Browe") is a Minnesota resident who purchased an Evenflo model Sureride DLX 65 car seat in 2013. This particular model is equipped with the allegedly defective harness buckle subject to recall. Id. ¶ 17. Shortly after purchasing the seat, Browe noticed that the buckle was becoming more difficult to unlatch. A few months later, the release mechanism became significantly more difficult to operate. Browe alleges breaking her fingernails at least twice while unlatching the buckle. Browe eventually removed the seat from her vehicle and placed it in her husband's car so it would be used less frequently. Id. ¶ 48.

The Complaint alleges breaches of the implied warranties of merchantability and fitness for a particular purpose, a violation of the federal Magnuson-Moss Warranty Act, and two causes of action arising from Minnesota statutes protecting against deceptive trade practices and false statements in advertising. Evenflo moves to dismiss the Complaint in its entirety.

## III.  DISCUSSION

### A.  Motion to Dismiss Standard

Rule 12 of the Federal Rules of Civil Procedure states that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The court construes the pleadings in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true.  Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

Working in combination with Rule 8, Rule 12 requires the plaintiff's factual allegations to "raise a right to relief above the speculative level," and push claims "across the line from conceivable to plausible."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).  In other words, the complaint must establish more than a "sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  However, a court "must not presume the truth of legal conclusions couched as factual allegations," and should "dismiss complaints based on 'labels and conclusions, and a formulaic recitation of the elements of a cause of action.'"  Hager v. Ark. Dept. of Health, 735 F.3d 1009, 1013 (8th Cir. 2013) (quoting, in part, Twombly, 550 U.S. at 555); see also Retro TV Network, Inc. v. Luken Commc'ns, LLC, 696 F.3d 766, 769 (8th Cir. 2012) ("Conclusory statements and naked assertion[s] devoid of further factual enhancement are insufficient.") (quotations and alterations omitted).

**B. Warranty Claims**

    **1. The Express Limited Warranty**

Evenflo first argues that Browe's state law warranty claims are precluded by Evenflo's express limited warranty, which warrants the subject car seat against defects in material or workmanship for 90 days.  See Neff Aff. [Docket No. 18] Ex. A ("Limited Warranty").  Evenflo avers that since the Limited Warranty disclaims all implied warranties, it acts to preclude Browe's merchantability and fitness for a particular purpose warranty claims.  Browe responds that the Limited Warranty is a material outside of the pleadings and must not be considered on the present motion to dismiss.

When considering a Rule 12 motion, the court generally must ignore materials outside the pleadings, but it may consider "some materials that are part of the public record or do not contradict the complaint."  Thunander v. Uponor, Inc., 887 F. Supp. 2d 850, 859 n.1 (D. Minn. 2012) (citing Mo. ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999), cert. denied, 527 U.S. 1039 (1999)).  A court may also consider materials that are "necessarily embraced by the pleadings."  Piper Jaffray Cos., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 967 F. Supp. 1148, 1152 (D. Minn. 1997).

In Thunander, the district court determined that a memorandum, a marketing and sales brochure, and express warranties of the defendant were material necessarily embraced by the pleadings because the complaint either "specifically" referred to or otherwise referenced the materials.  887 F. Supp. 2d at 859 n.1.  Similarly, since the plaintiff in Enervations, Inc. v. Minn. Mining and Mfg. Co. alleged improper and unlawful termination of a distributor agreement, the distributor agreement was embraced by the pleadings and properly subject to the court's analysis

on a Rule 12 motion despite not being attached as an exhibit to the complaint. 380 F.3d 1066, 1068–69 (8th Cir. 2004).

Courts have discretion in determining whether to consider a matter outside of the pleadings on a motion to dismiss. See Piper Jaffray Cos., 967 F. Supp. at 1152 ("[T]he Court may consider") (emphasis in original); Mo. ex rel. Nixon, 164 F.3d 1102 at 1107 ("Some materials . . . may be considered by a court in deciding a Rule 12(b)(6) motion to dismiss.") (emphasis added). While mindful of the practical considerations that support examining the Limited Warranty at this juncture, in deciding this motion, the Limited Warranty will be considered as material outside and not embraced by the pleadings. The Limited Warranty was submitted by Evenflo in support of its motion. Browe's Complaint, while asserting breaches of implied warranties, does not reference, allege, or even suggest any Limited Warranty that may impact her claims. Indeed, but for Evenflo's submission, the Court would now know of the Limited Warranty. For these reasons the Court declines to exercise its discretion and will not consider the provisions of the Limited Warranty in resolving this motion.

**2. Merchantability**

Evenflo argues that, even if the Limited Warranty falls outside of the pleadings, Browe's warranty claims still fail on the merits. Evenflo argues Browe's continued use of the allegedly defective car seat belies her claims that the seat is unmerchantable. Browe responds that a child car seat with an allegedly defective buckle is inherently unmerchantable and not fit for its ordinary purpose.

An implied warranty of merchantability requires that the goods be "fit for the ordinary purposes for which such goods are used." Minn. Stat. § 336.2-314(2)(c). "This warranty is

breached when the product is defective to a normal buyer making ordinary use of the product." Peterson v. Bendix Home Sys., Inc., 318 N.W.2d 50, 52–53 (Minn. 1982). A buyer seeking to recover for breach of warranty must establish: "(1) the existence of a warranty; (2) breach of that warranty; and (3) that the breach caused the alleged harm." Driscoll v. Standard Hardware, Inc., 785 N.W.2d 805, 816 (Minn. Ct. App. 2010) (citing Minn. Stat. § 336.2-314(2)(c)).

With respect to the third element, cases alleging merchantability claims under Minnesota law require alleging either personal or pecuniary injury for the cause of action to proceed. See e.g., Driscoll, 785 N.W.2d at 809 (alleging death); Peterson, 318 N.W.2d at 52 (alleging rash, burning eyes, an irritated throat, and a persistent cough); Nelson v. Wilkins Dodge, Inc., 256 N.W.2d 472, 475 (Minn. 1977) (seeking to recover costs of repair for allegedly unmerchantable truck); see also Chatfield v. Sherwin-Williams Co., 266 N.W.2d 171, 175 (Minn. 1978) (recognizing that "circumstantial evidence may be sufficient to show the causal relation between the use of a warranted product and the injury which followed its use.") (emphasis added). As the Eighth Circuit has stated:

> The O'Neils' suit rests instead on the same [allegation] as in a traditional products liability case: the defendant produced or sold a defective product and/or failed to warn of the product's dangers. . . . The striking feature of a typical no-injury class is that the plaintiffs have either not yet experienced a malfunction because of the alleged defect or have experienced a malfunction but not been harmed by it.

O'Neil v. Simplicity, Inc., 574 F.3d 501, 504 (8th Cir. 2009) (quoting Coghlan v. Wellcraft Marine Corp., 240 F.3d 449, 455 n.4 (5th Cir. 2001) (internal quotation marks omitted, alterations in original, emphasis added)).

Browe has failed to allege that she suffered a sufficient physical or pecuniary injury to

sustain her merchantability claim.[1]  The only physical injury Browe avers is broken fingernails. See Compl. ¶ 48.  Her pecuniary injury is similarly lacking.  Browe does not allege that the defect caused her to cut the seat's nylon straps or otherwise render the seat unusable.[2]  Nor does Browe allege purchasing a new child seat to replace the allegedly defective seat.  Significantly, Browe admits her family continues to transport their child in the seat that has the allegedly defective safety component.

The Court is especially troubled by this last uncontested fact.  It is a difficult proposition to accept that the lead plaintiff in a products liability lawsuit seeking class action status can credibly pursue liability while continuing to use the very same product the lawsuit claims is dangerously defective and warrants a pecuniary remedy.  This is especially true here.  The alleged defect is not merely cosmetic or a defect which reduces the product's promised performance.  Rather, the alleged buckle defect implicates the safety of a child.  Indeed, the severity of the potential injury causally related to the buckle is repeatedly recited as a concern in Browe's Complaint and in her brief opposing the motion.  This concern is hollow in the face of Browe's admitted continued use of the seat for her child.  Had Browe ceased using the seat, the result may be different.  See In re Bisphenon-A (BPA) Polycarbonate Plastic Prod. Liab. Litig.,

---

[1] For purposes of this motion, only Browe's claims, and not those of any potential class member, are considered.  See Cheng v. BMW of N. Am., LLC, No. 12-9262, 2013 WL 3940815, at *4 (C.D. Cal. July 26, 2013) ("[I]n ruling on a motion to dismiss a class action prior to class certification, courts generally consider only the claims of the named plaintiff.") (citing Speyer v. Avis Rent a Car Sys., Inc., 415 F. Supp. 2d 1090, 1094 (S.D. Cal. 2005); Barth v. Firestone Tire and Rubber Co., 673 F. Supp. 1466, 1476 (N.D. Cal. 1987)).  Browe does not present any argument opposing this proposition.

[2] The Complaint includes 53 customer complaints submitted to the ODI alleging difficulty in unlatching the buckle.  See Compl. ¶ 36.  At least two of these complaints describe destroying the product so that a child could be removed from the seat, but Browe does not allege she had to do this.

687 F. Supp. 2d 897, 912 (W.D. Mo. 2009) ("[T]he Plaintiffs . . . purchased a product they alleged they would not have purchased had they known the true facts. Now that they know the true facts, they are unwilling to risk allowing their children to use the product. They cannot obtain the intended bargain or benefit from the goods, so they incurred damages.").[3] Having failed to allege that she suffered an injury causally related to the alleged defect, Browe's claim arising from the implied warranty of merchantability fails as a matter of law.

### 3. Fitness for a particular purpose

Browe also argues that Evenflo breached the implied warranty of fitness for a particular purpose, Minn. Stat. § 336.2-315. Contrary to the implied warranty of merchantability, which warrants that the product is reasonably fit for the ordinary purpose for which it is manufactured and sold, the implied warranty of fitness for a particular purpose promises that the product is fit for a particular purpose, or something other than an ordinary purpose. See Official Comment 2 to Minn. Stat. § 336.2-315. Breach of this implied warranty requires proof that: "(1) the seller had reason to know of the buyer's particular purpose; (2) the seller had reason to know that the buyer was relying of the seller's skill or judgment to furnish appropriate goods; and (3) the buyer's actual reliance." Driscoll, 785 N.W.2d at 817.

The Complaint does not allege Browe used or attempted to use the car seat in any manner that can be fairly categorized as particular or anything other than ordinary or normal. Nor does the Complaint allege that Browe communicated an intended particular purpose to Evenflo directly or to Evenflo through a third party. Without these facts, Browe cannot recover under the

---

[3] It is also concerning that Browe did not avail herself of Evenflo's recall. Browe asserts that the recall provided an incomplete or ineffective remedy. However, the Court questions how Browe can make these factual determinations without having attempted to participate in the recall.

implied warranty of fitness for a particular purpose.

### 4. Magnuson-Moss Warranty Act

Browe's last warranty claim arises under the federal Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301, *et seq*. The MMWA provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief." 15 U.S.C. § 2310(d)(1). The MMWA does not impose any new warranty obligations. Id. § 2301(7). Rather, "[t]he [MMWA] provides a federal cause of action for state law express and implied warranty claims." In re Toyota Motor Corp., 754 F. Supp. 2d 1145, 1188 (C.D. Cal. 2010); see also IWOI, LLC v. Monaco Coach Corp., 581 F. Supp. 2d 994, 999 (N.D. Ill. 2008) ("The Act does not create implied warranties, but instead confers federal court jurisdiction for state law breach of implied warranty claims.").

Browe's MMWA claim must be dismissed because it lacks the requisite predicate state. Without a warranty claim arising under state law for foundation, Browe's MMWA claim fails.

**C. Deceptive Trade Practices and False Statement in Advertising**

Browe's final causes of action allege claims arising from two Minnesota consumer protection statutes: the Unlawful Trade Practices Act ("UTPA"), Minn. Stat. § 325D.13, and the Minnesota Consumer Fraud Act ("CFA"), Minn. Stat. § 325F.67. Browe avers Evenflo violated the UTPA by misrepresenting the quality of the car seat and representing that the seats have uses and benefits that they do not have. Browe avers Evenflo violated the CFA by warranting their product with false statements regarding the functionality of the car seat, such as it is "easy to get

your child in and out of the seat" and the seat "makes getting your child in and out a breeze." Compl. ¶ 103.  Evenflo challenges the propriety of these causes of action on a number of grounds, including that the allegedly unlawful statements are puffery and are not actionable. Evenflo characterizes the statements as "classic sales talk."  Def.'s Mem. Supp. Mot. Dismiss [Docket No. 17] 25.  Browe disagrees with Evenflo's assessment and argues that the statements are actionable, factual claims.  Browe argues the statements relate to the specific action of removing a child from the seat, rather than generalized statements of quality or superiority. Assuming without deciding that Browe's claims plead a public benefit under Minnesota's Private AG Statute, Minn. Stat. § 8.31, Browe's UTPA and CFA claims fail because the challenged statements are inherently immeasurable and are therefore puffery.

"Puffery exists in two general forms:  (1) exaggerated statements of bluster or boast upon which no reasonable consumer would rely; and (2) vague or highly subjective claims of product superiority, including bald assertions of superiority."  Am. Italian Pasta Co. v. New World Pasta Co., 371 F.3d 387, 390–91 (8th Cir. 2004).  While puffery cannot provide a basis for relief, claims that are "specific and measurable . . . [and] capable of being proved false or of being reasonably interpreted as a statement of objective fact" are actionable.  Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co., 173 F.3d 725, 731 (9th Cir. 1999).  "False descriptions of specific or absolute characteristics of a product and specific, measurable claims of product superiority based on product testing are not puffery and are actionable."  United Indus. Corp. v. Clorox Co., 140 F.3d 1175, 1180 (8th Cir. 1998).

The statements identified by Browe are not "specific, measurable claim[s] and cannot be reasonably interpreted as an objective fact."  Am. Italian Pasta Co., 371 F.3d at 391 (internal

quotation marks omitted). "Easy to get your child in and out of the seat" does not provide the requisite degree of specificity to make the statement actionable. "Easy" is subjective, vague, and wholly dependent on an individual's interpretation, and lacks an empirical benchmark to provide any indicia of measurability. The same is true for the second statement, "makes getting your child in and out a breeze."[4] Like "easy," "breeze" is immeasurable. Browe contends that customer complaints can serve to verify the veracity of these statements. However, allowing customer opinion to determine a claim's benchmark "would subject any advertisement or promotional statement to numerous variables, often unpredictable, and would introduce even more uncertainty into the marketplace." Am. Italian Pasta Co., 371 F.3d at 393. Since the claims cannot be objectively measured, interpreting the statements as objective facts is unreasonable. Accordingly, the identified statements are puffery and unactionable. Therefore, Browe's UTPA and CFA claims are dismissed.

### IV.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Evenflo Company, Inc.'s Motion to Dismiss [Docket No. 15] is **GRANTED**; and,

---

[4] The Court's inquiry is limited to the two quoted statements identified in the Complaint: the seats are "easy to get your child in and out of the seat" and the seats "make[] getting your child in and out a breeze." Compl. ¶ 103. Both Browe's consumer protection causes of action aver that Evenflo engaged in deception. These causes of action sound in fraud and must meet Rule 9's heightened pleading standard. See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). The only allegations pled with sufficient particularity are these two statements. While the Complaint includes additional general allegations, such as Evenflo "engag[ed] in other fraudulent or deceptive conduct" and "represent[ed] that the subject seats are of a particular standard of quality or grade that they are not," these bald allegations fall below the particularity standard of Rule 9 and will not be considered.

2. The Complaint [Docket No. 1] is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


    s/Ann D. Montgomery    
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 25, 2015.